THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-187-BR

WILLIAM DAVID HUMPHRIES and
LINDA JANE HUMPHRIES,          )
                               )
    Plaintiffs,              )
                               )
vs.                            )    **ORDER**
                               )
TAMIKA S. WHITFIELD,           )
                               )
    Defendant.               )
_____)

This cause comes before the Court upon Unnamed Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") motion for leave to depose Plaintiff William David Humphries ("Mr. Humphries"). (DE-19). Plaintiffs have responded to this motion (DE-20), and the matter is now ripe for adjudication. For the following reasons, the instant motion is DENIED.

This case arises out of an automobile collision that occurred on or about November 10, 2010, when Mr. Humphries was operating his automobile on Interstate I-95. (DE-1, pg. 3, ¶ 8). Defendant allegedly crossed over the center lane median and struck Mr. Humphries head on in his lane of traffic. *Id*. Mr. Humphries seeks to recover, *inter alia*, damages for lost income. *Id*. at pg. 6-7, ¶ 15.

Mr. Humphries is now a defendant in a federal criminal case pending in the United States District Court for the Western District of New York. The pending charges allege illegal activity by Mr. Humphries' in his tobacco trade, and therefore State Farm contends they are relevant to his lost income. Despite having previously deposed Mr. Humphries, State Farm contends that it learned of

the pending criminal charges after the expiration of the discovery deadline.

The Federal Rules of Civil Procedure require the issuance of a scheduling order early in each case. *See*, Fed.R.Civ.P. 16(b)(2). "The drafters of the Rules intended [the scheduling] order to control the subsequent course of action so as to improve the quality of justice rendered in the federal courts by sharpening the preparation and presentation of cases, tending to eliminate trial surprise and improving, as well as facilitating, the settlement process." Forstmann v. Culp, 114 F.R.D. 83, 84–85 (M.D.N.C.1987). "[T]he scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. at 85. (citation omitted). To the contrary, it represents "the critical path chosen by the [court] and the parties to fulfill the mandate of Rule 1 in securing the just, speedy, and inexpensive determination of every action." Marcum v. Zimmer, 163 F.R.D. 250, 253 (S.D.W.Va.1995).

Accordingly, "[a] scheduling order may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). Specifically, Rule 16(b)(4) of the Federal Rules of Civil Procedure "expressly limits modification of scheduling orders to good cause and thus does not permit alteration of deadlines based upon a showing of 'extraordinary circumstances' or 'in the interest of justice.'" Halpern v. Wake Forest Univ. Health Sciences, 268 F.R.D. 264, 273 (M.D.N.C. 2010). "[T]he touchstone of 'good cause' under Rule 16(b) is diligence." Marcum, 163 F.R.D. at 255. "In other words, the focus of the good cause inquiry is on the diligence of the party seeking modification of the scheduling order." Neighbors Law Firm, P.C. v. Highland Capital Management, L.P., 2011 WL 238605, * 2 (quotation omitted).

Here, the scheduling order entered in this matter established April 30, 2013 as the deadline for concluding all discovery. (DE-18). That scheduling order also explicitly cautioned the

parties to not be dilatory in pursuing discovery. *Id.* Moreover, the instant motion was also filed after the deadline for filing dispositive motions, May 31, 2013. (DE's-18, 19).

State Farm baldly asserts that, unless the deposition is conducted, it "will be unable to adequately defend against the claims brought against it." (DE-19, pg. 3). This statement is not explained or elaborated upon, nor is there any discussion regarding whether State Farm was diligent in pursuing the information it now seeks to obtain. Indeed, Plaintiffs correctly note that State Farm "has provided virtually no detail about how or when they learned of the claimed criminal activities underlying the need for the deposition of Mr. Humphries." (DE-20, pg. 9). Therefore, State Farm has failed to establish good cause to amend the scheduling order.

Finally, the instant motion does not comply with the Local Civil Rules of this Court. Local Civil Rule 7.1(c) states that "[c]ounsel must . . . certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." The instant motion fails to do so.

For the aforementioned reasons, the instant motion is DENIED.

SO ORDERED in Chambers at Raleigh, North Carolina on Wednesday, June 12, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE